# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

NYUTU K. WOODS,

                    Plaintiff,

v.

NEVADA DEPARTMENT OF
CORRECTIONS, BRIAN WILLIAMS and
JERRY HOWELL,

                    Defendants.

Case No. 2:19-cv-00723-APG-DJA

**SCREENING ORDER**

Plaintiff Nyutu Woods, who is a prisoner in the custody of the Nevada Department of Corrections (NDOC), has submitted a civil rights complaint under 42 U.S.C. § 1983 and filed an application to proceed *in forma pauperis*. ECF No. 1, 1-1. The matter of the filing fee shall be temporarily deferred. Based on the information regarding Woods's financial status, I find that Woods is not able to pay an initial installment payment toward the full filing fee. Woods will, however, be required to make monthly payments toward the full $350.00 filing fee when he has funds available. I now screen Woods's civil rights complaint under 28 U.S.C. § 1915A.

## I.       SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a

plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act (PLRA) requires a federal court to dismiss a prisoner's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint and construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a

plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.    SCREENING OF COMPLAINT

Woods sues the NDOC and Wardens Brian Williams and Jerry Howell. ECF No. 1-1 at 1. He alleges two counts and seeks monetary damages. *Id.* at 5, 9.

Count I alleges the following: Woods is serving a sentence of three-to-twenty years. *Id.* at 4. Warden Williams violated Woods's rights by not deducting 20 days per month from his

minimum sentence as he alleges is required by NRS § 209.4465(1). *Id.* at 3, 4. He alleges that he

is approaching his fifth year on this sentence, but if he had been given the correct time credits, he

would not have been incarcerated 1277 days illegally and unconstitutionally; this causes him

mental, physical, and emotional distress and deprives him of his life and liberty. *Id.* at 4. He

alleges this conduct violates his Fifth Amendment, Fourteenth Amendment, and Eighth

Amendment rights. *Id.*

Count II alleges Warden Howell has similarly violated Woods's rights by not deducting

20 days per month from his minimum sentence. *Id.* at 5. Thus, he has served 1277 days unjustly,

which has taken a toll on his health. *Id.* Woods concludes that this is a violation of his life,

liberty, due process of law, and cruel and unusual punishment. *Id.* He alleges that this conduct

violates his Fifth Amendment, Fourteenth Amendment, and Eighth Amendment rights. Id.

### A.     Fifth Amendment Claims

The Fifth Amendment's Due Process Clause applies to the federal government, not the

States, while the Fourteenth Amendment's Due Process Clause applies to the states. *See Castillo*

*v. McFadden*, 399 F.3d 993, 1002 n.5 (9th Cir. 2005). Because Woods is suing state employees

not federal employees, the Fifth Amendment does not apply. I therefore dismiss the Fifth

Amendment claims with prejudice, as amendment would be futile.

### B.     Fourteenth Amendment Claims

Woods alleges the defendants violated NRS § 209.4465(1)[1] and therefore denied him the

due process guaranteed by the Fourteenth Amendment. ECF No. 1-1 at 4, 5. However,

---

[1] The application of credits to a Nevada prisoner's term is available only to prisoners who have
been convicted of particular offenses and have behaved in particular ways in prison. *See* NRS
§§ 209.4465(1), NRS 209.4465(7), and NRS 209.4465(8); *see also Wellington v. State*, 124 Nev.
1517, 238 P.3d 865 (2008) (unpublished) (holding that legislature's increase in number of credits
to be earned and applied to sentences did not apply retroactively to certain categories of

allegations that a defendant violated state law are not sufficient to state a claim under the Fourteenth Amendment's due process clause. *Swarthout v. Cooke*, 562 U.S. 216, 222 (2011); *see also Young v. Williams*, No. 2:11-CV-01532-KJD, 2012 WL 1984968, at *3 (D. Nev. June 4, 2012) (holding that alleged error in applying good time credits to sentence was an error of state law that did not constitute a due process violation).  Thus, Woods's allegations that the defendants violated state law are not sufficient to state a due process claim.

In order to state a Fourteenth Amendment due process claim, a plaintiff must adequately allege that he was denied a specified liberty interest[2] and that he was deprived of that liberty interest without the constitutionally required procedures. *Swarthout*, 562 U.S. at 219.

Nevada state prisoners do not have a liberty interest in the discretionary grant of parole or in eligibility for parole. *See Moor v. Palmer*, 603 F.3d 658, 661-62 (9th Cir. 2010); *Fernandez v. Nevada*, No. 3:06-CV-00628-LRH-RA, 2009 WL 700662, at *10 (D. Nev. Mar. 13, 2009).  In addition, the Supreme Court of the United States has held that, even when a state statute uses mandatory language, a state creates a liberty interest that invokes procedural protections under the Due Process Clause only if the state's action "will *inevitably* affect the duration of his sentence" or if there are prison conditions that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484-87 (1995) (emphasis added).

---

offenders).  Woods has not alleged facts sufficient to show that he is entitled to sentencing credits.  However, it would be futile to provide him leave to amend his complaint to show that, under state law, he is entitled to have credits applied to his minimum term.  As discussed below, regardless of whether the defendants have violated state law, Woods cannot allege facts sufficient to show that they have violated Woods's right to due process.

[2] Woods prepared his own complaint. ECF No. 1-1 at 9.  It therefore is apparent that he has not been deprived of his life.

5

Here, the issue is whether the alleged failure to apply credits to Woods's minimum term inevitably affected the duration of his sentence. It did not. The minimum term affects only when Woods would be considered for parole, not when he would be entitled to be released.[3] Nevada's parole scheme intentionally and explicitly makes parole discretionary and an offender therefore is not required to be released once he serves the minimum term. *See Moor*, 603 F.3d at 661-62. An earlier parole eligibility date does not inevitably affect the duration of a prisoner's sentence. *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (holding that speeding up *consideration* for parole does not necessarily imply the invalidity of the duration of the prisoner's sentence); *Klein v. Coblentz*, 1997 WL 767538, *4 (10th Cir. 1997) (relying on *Sandin* to hold that, where good time credits under state law applied only to determining the prisoner's parole eligibility date and not to a sentence reduction, the loss of credits did not inevitably increase the duration of the sentence and there was no liberty interest giving rise to due process protections); *Dodge v. Shoemaker*, 695 F. Supp. 2d 1127, 1139 (D. Colo. 2010). Therefore, Woods does not adequately allege a liberty interest and does not and cannot state a due process claim. I dismiss Woods's due process claims with prejudice, as amendment would be futile.

## C. Eighth Amendment

Woods alleges that the failure to apply credits to his minimum sentence violates his Eighth Amendment rights. ECF No. 1-1 at 4, 5. Because imprisonment is punitive, officials who detain a person may violate that person's rights under the Eighth Amendment if they act with

---

[3] Thus, notwithstanding Woods's assertion that he has served 1277 days unjustly, he cannot allege facts sufficient to show that the incorrect application of credits to his minimum term necessarily affected he duration of his confinement. And even if the allegedly inaccurate calculation of his parole eligibility date necessarily affected the duration of Woods's confinement, his claim probably would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

deliberate indifference to the prisoner's liberty interest. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985). For the reasons discussed above, Woods has not adequately alleged a liberty interest and cannot do so. As a result, he cannot state a colorable Eighth Amendment claim. I thus dismiss the Eighth Amendment claims with prejudice, as amendment would be futile.

**III.    CONCLUSION**

I ORDER that Woods's application to proceed in forma pauperis **(ECF No. 1)** without having to prepay the full filing fee is **GRANTED**. The Clerk of Court SHALL FILE the complaint. ECF No. 1-1. Woods shall not be required to pay an initial installment fee. Nevertheless, the full filing fee shall still be due, under 28 U.S.C. § 1915 as amended by the Prisoner Litigation Reform Act. Woods is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor.

I FURTHER ORDER the Nevada Department of Corrections to pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of Nyutu K. Woods #74066 (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk shall send a copy of this order to the attention of Chief of Inmate Services for the Nevada Department of Prisons, P.O. Box 7011, Carson City, NV 89702.

I FURTHER ORDER that, even if this action is dismissed, the full filing fee shall still be due, based on 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act.

I FURTHER ORDER the Clerk of the Court to file the complaint (ECF No. 1-1).

I FURTHER ORDER that the complaint is dismissed with prejudice, as amendment would be futile.

I CERTIFY that that any *in forma pauperis* appeal from this order would not be taken "in good faith" under 28 U.S.C. § 1915(a)(3).

I FURTHER ORDER the Clerk of the Court to enter judgment accordingly and close this case.

Dated:  January 13, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE